IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| RANDAL WARDLE | § | |
| --- | --- | --- |
| Plaintiff, | § | |
| VS. | § | NO. 3-07-CV-1233-N |
| BELO CORP., ET AL. | § | |
| Defendants. | § | |

## FINDINGS AND RECOMMENDATION OF THE
## UNITED STATES MAGISTRATE JUDGE

This *pro se* civil action has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is an unspecified action brought by Randal Wardle, a resident of Dallas, Texas, against Belo Corporation, the State of Texas, Bank of America, J.P. Morgan Chase Bank, the Baptist Church, the Methodist Church, and an entity identified only as "Aparel Mart." On July 11, 2007, plaintiff tendered an eight-page handwritten complaint to the district clerk. He later filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Upon further review, the court now determines that this action should be summarily dismissed as frivolous.

II.

Plaintiff's complaint consists of a rambling narrative of disconnected words and phrases containing illogical references to a wide variety of subjects. Illustrative of his disjointed and undecipherable allegations are, "It takes a man to repent & I don't have to marry a lady to repent & Bush/America won't get by with murdering me; as if they can murder a queer by keeping me from sueing [sic] like Baylor Hospital (Don Allen-Radiology) told me & the world thinks it is above the law and in act of treason and held me in slavery for 25 years[.]" Elsewhere in his complaint plaintiff alleges, "I don't love John Schneider/James Worth/Blue-Beverly Leatherwood's husband/the world, nor the church and as I'd Bedazzled Dallas-Turned Down Dallas, I can't be starved into being a prostitute like them and can sue as Bankrupting won't save my life again - Individual liberties and can only become a success by being paid my trillions and don't have to wait to go to heaven to walk streets of gold." After making passing references to "religious persecution," "bills of attainder," and the denial of his constitutional rights, plaintiff requests damages totaling more than $10 trillion.

A.

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action:

    (1)    is frivolous or malicious;

    (2)    fails to state a claim upon which relief can be granted; or

    (3)    seeks money relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *Henson-El v. Rogers*, 923 F.2d 51, 53 (5th Cir.), *cert. denied*, 111 S.Ct. 2863 (1991). A complaint fails to

state a claim "if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). The court must assume that the facts set forth in the complaint are true. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164, 113 S.Ct. 1160, 1161, 122 L.Ed.2d 517 (1993). However, dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability." *Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986).

B.

Plaintiff does not present a logical set of facts to support any claim for relief. Instead, his complaint recites fantastic charges which are fanciful and delusional in nature. Dismissal is clearly warranted under these circumstances. *See, e.g. Johnson v. Drug Enforcement Agency*, 3-04-CV-0410-G, 2004 WL 813214 (N.D. Tex. Apr. 14, 2004), *rec. adopted*, 2004 WL 948265 (N.D. Tex. May 3, 2004) (dismissing complaint alleging that DEA implanted a radio transmitter beneath plaintiff's scalp and forced him to ingest various chemical and sleep-inducing drugs); *Daniel v. FBI*, 3-03-CV-1281-N, 2003 WL 21436479 (N.D. Tex. Jun. 17, 2003), *rec. adopted*, 2003 WL 21555130 (N.D. Tex. Jul. 8, 2003) (dismissing complaint alleging that FBI stalked, harassed, and tried to poison plaintiff because she ran as a write-in candidate for President of the United States); *Decker v. Fleming*, 3-02-CV-2075-P, 2002 WL 31548766 (N.D. Tex. Nov. 2, 2002) (dismissing complaint alleging that federal prison officials opened-up plaintiff's mind "where they could listen to my thinking in Psychology Dept.").[1]

---

[1] The court notes that plaintiff has filed five other lawsuits in this district, all of which either have been voluntarily dismissed or dismissed for want of prosecution. *See Wardle v. City of Dallas, et al.*, No. 3-03-CV-2738-G, 2004 WL 307438 (N.D. Tex. Feb. 11, 2004); *Wardle v. U.S. Med. Ctr. for Fed. Prisoners, et al.*, No. 3-04-CV-2414-P (N.D. Tex. Feb. 14, 2007); *Wardle v. U.S. Med. Ctr. for Fed. Prisoners*, No. 3-04-CV-2522-H, 2005 WL 39078 (N.D. Tex. Jan. 6, 2005) (Ramirez, J.), *rec. adopted*, 2005 WL 221353 (N.D. Tex. Jan. 31, 2005); *Wardle v. U.S. Fed. Gov't*, No. 3-05-CV-0201-N, 2005 WL 645240 (N.D. Tex. Mar. 18, 2005), *rec. adopted*, 2005 WL 819693 (N.D. Tex. Apr.

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: August 15, 2007.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE

---

6, 2005); *Wardle v. Timberlawn Mental Health Sys.*, No. 3-05-CV-0865-N (N.D. Tex. Jun. 22, 2005), *rec. adopted*, (N.D. Tex. Jul. 29, 2005). Like the instant case, the complaints filed by plaintiff in these earlier actions were difficult, if not impossible, to decipher.